IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUCANO AGUILAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PINK LILY, INC. and PAUL SOPANARAT, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Lucano Aguilar, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Pink Lily, Inc. and Paul Sopanart (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff overtime wages at a rate of one- and one-half times his regular rate.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

### THE PARTIES

4. Plaintiff Lucano Aguilar resides and is domiciled in this judicial district.

5. Plaintiff Lucano Aguilar was employed by Defendants in this judicial district.

6. While employed by Defendants, Plaintiff Lucano Aguilar handled materials such as spatulas, dishes, and stoves that were not manufactured in the state of Illinois.

7. While employed by Defendants, Plaintiff Lucano Aguilar handled goods such as fish, rice, and carrots that were not manufactured or produced in the state of Illinois.

8. While employed by Defendants, Plaintiff Lucano Aguilar printed and prepared orders made via the internet on sites such as grubhub.com.

9. During the course of his employment, Plaintiff Lucano Aguilar handled goods and materials that moved in interstate commerce.

10. During the course of his employment, Plaintiff Lucano Aguilar performed non-exempt work.

10. Defendant Pink Lily, Inc. is an Illinois corporation doing business within this judicial district. Defendant Pink Lily, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

11. Upon information and belief, during the last three years Defendants Pink Lily, Inc. had annual gross volume of sales made or business done that has exceeded $500,000 exclusive of excise taxes.

12. Defendant Pink Lily, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

13. Defendant Paul Sopanarat is the President of Pink Lily, Inc.

14. Defendant Paul Sopanarat is involved in the day-to-day business operations of Pink Lily, Inc. Among other things, Defendant Paul Sopanarat has the authority to hire and fire

employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to make decisions regarding employee compensation and capital expenditures.

15. Defendant Paul Sopanarat was Plaintiff's employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

16. Upon information and belief, Defendant Paul Sopanarat resides in and is domiciled within this judicial district.

## FACTUAL ALLEGATIONS

17. Defendants operate a restaurant under the name "Ruk Sushi & Thai" that is located at 4700 North Kimball Avenue in Chicago, Illinois.

18. Plaintiff was employed by Defendants in the three years prior to the filing of this Complaint.

19. Plaintiff was a cook who was also assigned to wash dishes.

20. Throughout his employment with the Defendants, Defendants routinely and as a matter of practice and policy required Plaintiff to work more than 40 hours per week, but then failed and refused to pay him the overtime premium rate of one and one half times his regular rate for all hours worked in excess of 40.

21. Plaintiff was typically assigned to work six days a week and would typically work more than 60 hours per week.

22. Plaintiff typically worked on Mondays through Thursdays from 11:30 am to 9:30 pm; and Fridays and Saturdays from 11:30 am to 10:00 pm.

23. In an effort to conceal their failure to pay Plaintiff overtime wages, Defendants

paid Plaintiff in check and in cash or in check and transfer funds to his checking account.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

24. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

25. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

26. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

28. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

29. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

30. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

31. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

32. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

33. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants failed to pay them overtime wages for work performed in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. A judgment in the amount of one and one-half times Plaintiff's wage rate in weeks where he worked in excess of 40 hours per week;

    B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C. Reasonable attorneys' fees and costs incurred in filing this action; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

34. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

35. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff bring this action pursuant to 820 ILCS 105/12(a).

36. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

37. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

38. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

39. Defendant failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

40. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: August 5, 2019 **LUCANO AGUILAR**

By: /s/Carlos G. Becerra
Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com